Filed 10/16/25  P. v. Movrich CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE, | C102485 |
| Plaintiff and Respondent, | (Super. Ct. No. 62200845) |
| v. | |
| JEREMY VERNON MOVRICH, | |
| Defendant and Appellant. | |

Defendant Jeremy Vernon Movrich appeals from the trial court's order authorizing the involuntary administration of medication.  His appointed counsel submitted a brief pursuant to *Conservatorship of Ben. C.* (2007) 40 Cal.4th 529 (*Ben C.*).  Under *Ben C.*, upon the filing of an appellate brief that does not identify any arguable issues and the allowance of time for the defendant to file a supplemental brief, we may exercise our discretion to retain the appeal or dismiss it on our own motion.  (*Id.* at p. 544, fns. 6, 7.) Counsel informed defendant of his right to file a supplemental brief but he has not done so.  Consistent with *Ben C.*, we will dismiss the appeal.

1

BACKGROUND

In September 2024, a felony complaint charged defendant with making criminal threats (Pen. Code,[1] § 422; count one) and resisting an executive officer (§ 69, subd. (a); count two). The complaint further alleged defendant suffered a single prior serious felony conviction and prior strike conviction. (§§ 667, subd. (a)(1), 667, subds. (b)-(i), 1170.12, subd. (a).)

On September 11, 2024, the trial court declared doubt as to defendant's competency and ordered two doctors to evaluate defendant for competency and grave disability.

On September 30, 2024, the Placer County Adult System of Care filed a petition for involuntary administration of psychotropic medication under section 2603. The petition attached a declaration of Dr. Dianne Collins, a psychiatrist, who diagnosed defendant with schizoaffective disorder. Dr. Collins opined that defendant was gravely disabled and lacked the capacity to refuse treatment. Dr. Collins explained that on September 12, 2024, defendant began refusing medication. When she attempted to talk with defendant as to why he was refusing medication, defendant talked in a rambling and disjointed manner about a girlfriend, being on a steamboat with another woman with three children, then being chained to a bed with a diaper, and being fondled and tortured. When Dr. Collins attempted to talk to defendant appropriately, he continued to ramble and became more agitated. Another mental health professional was similarly unsuccessful in redirecting defendant to appropriate conversation.

Dr. Collins opined that defendant's gravely disabled behavior was a consequence of his refusing treatment. Defendant had been incarcerated since May 2022 and during his incarceration he had been stabilized on medications. When stabilized, defendant was

---

[1] Undesignated statutory references are to the Penal Code.

2

calm, cooperative, and able to make appropriate decisions; but since refusing medication, defendant had become delusional, paranoid, and angry. Unmedicated, defendant had a history of unpredictable and violent behavior and posed a risk to others. When Dr. Collins attempted to talk to defendant about the need for medication, he "adamantly" stated he did not need medication and became agitated when the subject was raised, again making delusional statements. Alternative treatments had been attempted, but defendant refused oral medication. Dr. Collins concluded that defendant was disorganized, delusional, and paranoid, and therefore lacked the capacity to make appropriate decisions, including how to provide for food, clothing, and shelter for himself.

The petition also attached a declaration from a supervisor at Placer County Health and Human Services in Adult Mental Health that defendant had been determined to meet the criteria for gravely disabled due to a mental health disorder. Efforts to locate a community-based treatment facility had been unsuccessful because the facility contacted denied placement of defendant due to the level of his behaviors, including a history of unprovoked violence at the facility.

On October 23, 2024, the trial court granted the petition for involuntary administration of medication, finding that defendant had a serious mental disorder, was gravely disabled and lacked the capacity to consent or refuse treatment, and was a danger to himself or others if not medicated. The court further found that there was no less intrusive alternative to involuntary medication and it was in defendant's best interest.

DISCUSSION

Appointed counsel filed an opening brief under *Ben C.* setting forth the procedural history and facts of the case. (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) In *Ben C.*, the California Supreme Court concluded that the procedures referenced in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 are required only in the first appeal of right from a criminal conviction. (*Ben C.*, at pp. 536-537.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a

3

criminal prosecution, because it is not an appeal from the judgment of conviction." (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501.)  We conclude defendant has no right to *Wende/Anders* review of the order to administer antipsychotic medications involuntarily.  (*Ben C.*, at pp. 537, 544.)

Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of the opening brief.  (*Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 6.)  Defendant has not filed a supplemental brief.  We decline to exercise our *Ben C.* discretion to conduct an independent review of the record in this case.  (*Id.* at p. 544, fn. 7.)  Thus, we dismiss the appeal.  (*Id.* at p. 544.)

DISPOSITION

The appeal is dismissed.


\_/s/_____
WISEMAN, J.*



We concur:



\_/s/_____
HULL, Acting P. J.



\_/s/_____
KRAUSE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.